**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, Arizona Bar No. 016473
Corey Feltre, Arizona Bar No. 034966
Stanley Lubin, Arizona Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson, Texas Bar No. 24045189 *(Pro Hac Vice forthcoming)*
Email: austin@a2xlaw.com
Clif Alexander, Texas Bar No. 24064805 *(Pro Hac Vice forthcoming)*
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antoinette Harris and Jasmine Roebuck, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Republic Services, Inc., Republic Services Customer Resource Center West, LLC, and Republic Services Customer Resource Center East, LLC,<br><br>Arizona Corporations,<br><br>Defendants. | No._____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Antoinette Harris ("Harris") and Jasmine Roebuck ("Roebuck") (collectively "Plaintiffs") bring this action individually and on behalf of all current and former call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Republic Services, Inc. and through its subsidiaries, including but not limited to Republic Services Customer Resource Center West, LLC and Republic Services Customer Resource Center East, LLC (collectively "Defendants"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, *et seq.*, and the Arizona Fair Wages and Healthy Families Act ("Arizona Act"), A.R.S. § 23-350 *et. seq.*

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their state law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

**I.
OVERVIEW**

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state law of Arizona.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Defendants in call centers at any time during the relevant statutes of

limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Defendants have enforced uniform company-wide policies wherein they improperly required (and continues to require) their hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay.

4. Defendants' illegal company-wide policies have caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Defendants have knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek on a routine and regular basis during the relevant time periods.

7. Plaintiffs and the Putative Class Members did not, and currently do not, perform work that meets the definition of exempt work under the FLSA or the state law of Arizona.

8. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant

to 29 U.S.C. § 216(b), and to recover all damages owed under their Arizona state-law claims as a class action pursuant to Rule 23.

9. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 class is certified as defined herein, and that Plaintiff Harris designated herein be named as Class Representative for the Arizona Class.

## II.
## THE PARTIES

11. Plaintiff Antoinette Harris ("Harris") was jointly employed by Republic Services, Inc. and Republic Services Customer Resource Center West, LLC, in Arizona during the relevant time period. Plaintiff Harris did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. Plaintiff Jasmine Roebuck ("Roebuck") was jointly employed by Republic Services, Inc. and Republic Services Customer Resource Center East, LLC in North Carolina during the relevant time period. Plaintiff Roebuck did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] The written consent of Antoinette Harris is hereby attached as Exhibit "A."

[2] The written consent of Jasmine Roebuck is hereby attached as Exhibit "B."

4

13. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Defendants at any time from March 21, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and was paid.

14. The Arizona Class Members are those current and former hourly call-center employees who were employed by Defendants at any time from March 21, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Howard worked and was paid.

15. Defendant Republic Services, Inc. ("Republic") is a foreign for-profit corporation and may be served through its registered agent for service of process, **C T Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.**

16. Defendant Republic Services Customer Resource Center West, LLC ("Republic CRC West") is a foreign for-profit company and may be served through its registered agent for service of process, **C T Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.**

17. Defendant Republic Services Customer Resource Center East, LLC. ("Republic CRC East") is a foreign for-profit company and is not registered with the Arizona Corporation Commission. Defendant Republic CRC East may be served through the Arizona Corporation Commission—Records Section at 1300 W. Washington St, Phoenix, Arizona 85007, pursuant to the Arizona Long Arm statute. *See* Ariz. R. Civ. P. 4.2. Plaintiffs therefore request the Arizona Corporation Commission to serve Defendant

5

Republic CRC East through its registered agent for service of process, The **Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.**

## III.
## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional state law claim pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over all Defendants because they maintain their principal offices within this District and Division.

21. Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Defendants have maintained a working presence throughout the State of Arizona (and the United States), and Plaintiff Harris worked for Republic and Republic CRC West in Chandler, Arizona throughout her employment with Defendants, all of which is located within this District.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Republic is an industry leader in U.S. recycling and non-hazardous solid waste

6

and services over 14 million customers.[3]

25. To that end, Republic utilizes Call-Center Employees to work at its Customer Resource Centers across the United States.

26. Through the use of three subsidiary entities—Republic Services Customer Resource Center East, LLC; Republic Services Customer Resource Center Central, LLC; and Republic Services Customer Resource Center West, LLC—Republic assists its customers and provides necessary customer support for its waste disposal services.

27. As Call-Center Employees, Plaintiffs and the Putative Class Members' job duties consisted of answering incoming calls from Republic's customers and providing support pertaining to routine customer inquiries, requests and complaints.[4]

28. At all times, on information and belief, Republic Services, Inc. maintained direct operational control of its subsidiary Customer Resource Centers and determined their compensation policies, controlled the number of hours Plaintiffs and the Putative Class Members worked, maintained the time-keeping systems at issue, and provided payroll services for Plaintiffs and the Putative Class Members.

29. Further, on information and belief, Republic Services, Inc. was ultimately responsible for decisions relating to hiring and firing and also recruited individuals to work for Republic Services directly through its website—holding itself out as the direct employer for Plaintiffs and the Putative Class Members.

---

[3] http://republicservices.jobs/ShowJob/Id/550564/Customer-Service-Associate/

[4] *See id.*

7

30. Accordingly, Republic Services, Inc. was Plaintiffs and the Putative Class Members joint employer with its subsidiary entities—Republic Services Customer Resource Center West, LLC and Republic Services Customer Resource Center East, LLC.

31. Plaintiff Harris was employed by Defendants as a Customer Service Associate in Chandler, Arizona from approximately March 2018 through May 2018.

32. Plaintiff Roebuck was employed by Defendants as a Sales Consultant in Charlotte, North Carolina from approximately October 2016 through October 2018.

33. Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

34. Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

35. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often worked more than two (2) hours "off-the-clock" per week and have not been compensated for that time.

36. Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Defendants as a result of Defendants' corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

37. Specifically, Plaintiffs and the Putative Class Members were required to start and log in to their computers, open and log in to Defendants' programs—all of which can take up to fifteen minutes—before they are able to make their first phone call at the official start of their shift.

38. During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

39. As such, Defendants required (and continue to require) that Plaintiffs and the Putative Class Members perform these start up tasks "off-the-clock" (and without pay) before their official shift begins.

40. Defendants further required Plaintiffs and the Putative Class Members to complete any call that they were handling at the end of their shift, even if that call continued past their scheduled shift. Despite requiring that Plaintiffs and the Putative Class Members continue providing necessary services to their customers, Defendants refused to compensate Plaintiffs and the Putative Class Members for this time.

41. As a result of Defendants' corporate policies and practices requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before clocking in for work, and requiring them to continue working past the end of their scheduled shift while off-the-clock, Plaintiffs and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

42. Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

43. Defendants are aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

44. Defendants further paid some Plaintiffs and Putative Class Members commissions and failed to include those commission payments into the calculation of those Plaintiffs and Putative Class Members' regular rates of pay, thereby causing a miscalculation of their regular rates of pay and the underpayment of their overtime compensation. *See* 29 C.F.R. § 778.117.

45. Because Defendants did not pay Plaintiffs and the Putative Class Members for all hours worked and because Defendants failed to include all payments for hours worked in the Plaintiffs and Putative Class Members' regular rates of pay, Defendants' pay policies and practices violate the FLSA.

46. Because Republic Services, Inc. and Republic Services Customer Resources Center West, LLC did not pay Plaintiffs and the Putative Class Members for all hours they worked and failed to include all payments for hours worked in the Plaintiffs and Putative Class Members' regular rates of pay, their pay policies and practices also violate Arizona state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
(**Collective Action Alleging FLSA Violations**)

**A.     FLSA COVERAGE**

47. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

48. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY REPUBLIC SERVICES, INC. AND/OR REPUBLIC SERVICES CUSTOMER RESOURCE CENTER WEST, LLC OR REPUBLIC SERVICES CUSTOMER RESOURCE CENTER EAST, LLC, AT ANY TIME FROM MARCH 21, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

49. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

53. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for

11

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

54. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

55. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

56. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

58. Defendants have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

59. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

60. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

61. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

62. The decisions and practices by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked were neither reasonable nor in good faith.

63. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.   COLLECTIVE ACTION ALLEGATIONS**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

66. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 48.

68. Defendants' failure to pay Plaintiffs and the Putative Class Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

69. Thus, Plaintiffs experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 48 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Arizona Wage Laws)

**A.   VIOLATIONS OF ARIZONA LAW**

76. Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

77. The Arizona Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY REPUBLIC SERVICES, INC., AND REPUBLIC SERVICES CUSTOMER RESOURCE CENTER WEST, LLC, IN THE STATE OF ARIZONA, AT ANY TIME FROM MARCH 21, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

78. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Arizona Act, A.R.S. § 23-350(3).

79. At all times hereinafter mentioned, Plaintiff Harris and the Arizona Class Members have been employees within the meaning of the Arizona Act, A.R.S. § 25-350(2).

**B.   FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE ARIZONA ACT**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. Defendants owe Plaintiff Harris and the Arizona Class Members wages, as defined in section 25-350(7) of the Act, to compensate them for labor and services they provided to Defendants in the furtherance of their job duties. *See* A.R.S. § 25-350(7), 351(C).

82. Plaintiff Harris and other Arizona Class Members were not (and currently are not) exempt from receiving overtime benefits under the Arizona Act.

83. Plaintiff Harris and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendants violated the Arizona Act by failing to pay Plaintiff Harris and other Arizona Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* A.R.S. § 25-350(7), 351(C).

84. Plaintiff Harris and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Harris would be able to precisely calculate damages.

85. The Arizona Act provides that Plaintiff Harris and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 25-355(A).

86. In violating the Arizona Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

87. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Arizona Act, is defined in Paragraph 77.

88. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## C.   ARIZONA CLASS ALLEGATIONS

89.   Plaintiff Harris brings her Arizona claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in Arizona at any time since March 21, 2018.

90.   Class action treatment of Plaintiff Harris and the Arizona Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

91.   The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

92.   Plaintiff Harris is a member of the Arizona Class, her claims are typical of the claims of the other Arizona Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

93.   Plaintiff Harris and her counsel will fairly and adequately represent the Arizona Class Members and their interests.

94.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

95.   Accordingly, the Arizona Class should be certified as defined in Paragraph 77.

## VI.
## RELIEF SOUGHT

96.   Plaintiffs respectfully pray for judgment against Defendants as follows:

  a. For an Order certifying the FLSA Collective as defined in Paragraph 48 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order certifying the Arizona Class as defined in Paragraph 77 and designating Plaintiff Harris as Class Representative of the Arizona Class;

  c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

  e. For an Order pursuant to Arizona law awarding Plaintiff Harris and the Arizona Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiffs Harris and Roebuck a service award as permitted by law;

18

j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 21st day of March, 2019.

                                    LUBIN & ENOCH, P.C.
                                    ANDERSON ALEXANDER, PLLC

                                    By: /s/ Nicholas J. Enoch
                                            Nicholas J. Enoch

                                    Attorneys for Plaintiffs and the Putative Class Members

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all questions raised by the foregoing complaint.

DATED this 21st day of March, 2019.

> LUBIN & ENOCH, P.C.
> ANDERSON ALEXANDER, PLLC
>
> By: /s/ Nicholas J. Enoch
> Nicholas J. Enoch
>
> Attorneys for Plaintiffs and the Putative Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on the March 21, 2019, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

> /s/ *Nicholas J. Enoch*
> Nicholas Enoch